IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| YENG XIONG,<br><br>                Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security, et al.,<br><br>                Respondents. | 0:26-CV-1399<br><br>MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

    The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. He asserts his detention is unlawful because the government revoked his order of supervision without regard for his due process rights. The Court will grant the petition.[1]

    The facts in this case are largely similar to *Vang v. Bondi*, No. 26-CV-1381 (D. Minn. Feb. 18, 2026). The petitioner is a noncitizen with an

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g.*, *Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). <u>Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment</u>. *See* § 2412(d)(1)(B).

unexecuted final order of removal from June 2005, but he was released from detention in September 2005 subject to an order of supervision.

The order of supervision conferred due process rights that are enshrined in a regulatory scheme with which the government hasn't complied. *See Vang*, No. 26-CV-1381. In particular, the regulations require that, after notice of a revocation of an order of supervision, a noncitizen is entitled to a prompt "initial informal interview," and must have an "opportunity to respond to the reasons for revocation stated in the notification." § 241.13(i)(3).

The government doesn't deny the petitioner's allegations that he was detained without a prior notice of revocation. Filing 1 at 8. The government purports it had the requisite interview with the petitioner on November 11, 2025. Filing 5-2 at 3; filing 5 at 2. But the Notice of Revocation of Release is dated December 11, 2025. *See* filing 5-2 at 1. And the travel documents demonstrating a "change in circumstance" didn't materialize until weeks after the petitioner was detained. *See* filing 5-3 at 1.

Even assuming the November 11 date is a mistake, the government has not shown that it complied with the bare-minimum procedural requirements of § 241.13. For the reasons explained by the Court in *Vang*, the Court finds that the petitioner's continued detention is unlawful. Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall, if necessary, immediately return the petitioner to the District of Minnesota.

3. When the petitioner is in Minnesota, the government shall immediately release the petitioner subject to and in accordance with the conditions in his preexisting Order of Supervision (filing 5-4), and shall return any personal property seized from the petitioner when detained.

4. No later than **February 20, 2026**, the government shall file a status report certifying compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated this 18th day of February, 2026.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge