IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

YENG XIONG,

                  Petitioner,

vs.

KRISTI NOEM, Secretary,
Department of Homeland Security, et
al.,

              Respondents.

0:26-CV-1399

MEMORANDUM AND ORDER

This matter is before the Court on the petitioner's motion for reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Filing 9. No hearing is necessary, and the motion will be granted.

The EAJA requires a court to award fees, costs, and other expenses to a prevailing party in proceedings brought against the federal government, unless the position of the government was substantially justified or special circumstances make an award unjust. § 2412(d)(1)(A). The parties agree that the petitioner is the prevailing party for purposes of the statute. *See* § 2412(d)(2)(H); *Michelin v. Warden Moshannon Valley Corr. Ctr.,* Nos. 24-2990, 24-3198, 2026 WL 263483, at *1-2 (3d Cir. 2026). The government argues its position was substantially justified.

The federal government carries the burden of proving its position, including the action by the agency upon which the civil action was based, *see* § 2412(d)(2)(D), was substantially justified. *United States v. Hurt*, 676 F.3d 649, 652 (8th Cir. 2012). The EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* (quoting *Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990)).

The government only asserts it was justified because federal law allows it to detain individuals subject to removal orders. Filing 16 at 2. But here, the petitioner was subject to an Order of Supervision, effectively an immigration "supervised release" analogous to federal criminal defendants. That Order guaranteed the petitioner certain procedural safeguards, and the government has presented *no* justification, let alone a substantial one, for why those safeguards were ignored. While the U.S. Attorneys are likely acting in good faith to defend the government's actions, the Court is not persuaded that the government was substantially justified in detaining a person who was abiding by the terms of his release.

The government also asks the Court to reduce the fees requested. Counsel for the petitioner requests $2,205, for approximately 4.4 hours worked, plus $5 in filing fees. *See* filing 12 at 6. The government asserts $1,183.60 is a reasonable award, calculated by adjusting the EAJA statutory fee, $125, by the Consumer Price Index cost-of-living adjustment. Filing 16 at 3; *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

The petitioner voluntarily reduced his requested hours from 7.7 to 4.4; he could have requested more hours at a lower rate. But $500 per hour is reasonable in the Minneapolis market, given the petitioner's counsel's skill and experience. The Court has carefully considered the petitioner's evidence of fees and costs incurred and finds that the requested $2,205 is a reasonable award. *See* § 2412(d)(1)(C); filing 11; filing 12. Accordingly,

IT IS ORDERED:

1.    The petitioner's motion for attorneys' fees and expenses under the EAJA (filing 9) is granted.

2.   The petitioner is awarded attorneys' fees and costs in the amount of $2,205.00.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 3rd day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge